UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**DIANE A. PALMER,**

        Plaintiff,

    v.                                        5:00-CV-110 (HGM/GHL)

**NEW YORK STATE OFFICE
OF COURT ADMINISTRATION,**

        Defendant.
_____

**APPEARANCES:**                              **OF COUNSEL:**

OFFICE OF A.J. BOSMAN                 A.J. BOSMAN, ESQ.
Attorney for Plaintiff
258 Genesee Street, Suite 592
Utica, New York 13502


MICHAEL COLODNER, ESQ.             ELLEN SMITHBERG, ESQ.
Attorney for Defendant
Office of Court Administration
25 Beaver Street
New York, New York 10004

**HOWARD G. MUNSON**
**United States Senior District Judge**

**MEMORANDUM - DECISION AND ORDER**

       Currently before the court are Defendant's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and Plaintiff's cross-motion for leave to file an amended complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. *See* Dkt. Nos. 37 and 49, respectively. For the reasons that follow below, Plaintiff's cross-motion for leave to file an amended complaint is GRANTED in part and DENIED in part, and Defendant's motion for judgment on the pleadings is GRANTED in part and DENIED in part.

**BACKGROUND**

**I.      Facts**

Plaintiff, Diane A. Palmer, who suffers from asthma and hypoglycemia, began working as a court reporter for Defendant, the New York State Office of Court Administration, on August 18, 1988. Two months later, Plaintiff's asthma required that she be hospitalized for five days. Plaintiff informed Defendant that her return to work was uncertain. Nevertheless, following her hospitalization, Plaintiff apparently returned to work; her stay, however, was short-lived. In November 1988, Plaintiff's asthma again required her hospitalization. At that time, Defendant advertised Plaintiff's court reporter position. Apparently, Defendant declined to interview Plaintiff for this position. Plaintiff alleges that she diligently sought other court reporter positions throughout New York, but that Defendant denied her employment. In September 1989, Plaintiff filed charges against Defendant with the United States Equal Employment Opportunity Commission ("EEOC") alleging violations of New York State Human Rights Law. In June 1991, Plaintiff again filed charges against Defendant with the EEOC alleging Defendant discriminated against her due to her asthma. Plaintiff further alleged a retaliatory motive in defendant's failure to rehire her. The record before the court does not indicate the status or disposition of Plaintiff's two initial EEOC filings.

In any event, Judge Mark Meddaugh of the Sullivan County Family Court hired Plaintiff as a court reporter on December 2, 1993. Plaintiff's supervisors at the Sullivan County Family Court, aware that Plaintiff had previously worked in the Onondaga Family Court, subsequently contacted the references listed by Plaintiff. Plaintiff alleges that Defendant then learned that she had previously filed charges of discrimination against it. On November 10, 1994, Plaintiff received a letter from Judge Meddaugh advising her that the "District Office" had instructed him to terminate her employment effective November 30, 1994. On June 28, 1995, Plaintiff filed a third charge with the EEOC alleging Defendant discriminated against her by terminating her employment with the

2

Sullivan County Family Court. On October 21, 1999, Plaintiff received a Dismissal and Notice of Rights from the EEOC, which adopted the findings of the state or local fair employment practices agency that investigated this charge and thus disposed of her third EEOC filing.

## II.     Procedural History

Based upon the above facts, on January 19, 2000, Plaintiff filed the instant action against Defendant, alleging violations of Title I of the Americans with Disabilities Act of 1990, 28 U.S.C. §§ 12101 *et seq*., ("ADA") and breach of contract. Plaintiff sought unspecified compensatory and punitive damages. *See* Dkt. No. 1. Defendant filed its answer on March 31, 2000. *See* Dkt. No. 3. On May 9, 2000, Defendant moved for judgment on the pleadings. *See* Dkt. No. 10. On July 17, 2000, Plaintiff cross-motioned to amend her complaint and Defendant lodged its opposition. *See* Dkt. Nos. 12 and 15, respectively. On October 31, 2000, District Judge David N. Hurd, then presiding over Plaintiff's case, granted Plaintiff's motion to amend the complaint and dismissed the Defendant's motion for judgment on the pleadings as moot. *See* Dkt. No. 23. Plaintiff then filed her first amended complaint on November 6, 2000. *See* Dkt. No. 24. Initially, Plaintiff was represented by Daniel A. Burgess, Esq. in this matter; however, counsel moved to withdraw his representation and then Magistrate Judge Gary L. Sharpe granted his motion in an order dated April 18, 2001. *See* Dkt. Nos. 28 and 29, respectively. Magistrate Sharpe denied Plaintiff's subsequent motion to reconsider Mr. Burgess' withdrawal. *See* Dkt. No. 32, Order.

On October 18, 2001, Defendant renewed its motion for judgment on the pleadings, arguing that the Court lacked subject matter jurisdiction to decide Plaintiff's claims under the ADA because the Eleventh Amendment bars all such claims. Defendant further argued that, without subject mater jurisdiction, the Court should decline to exercise jurisdiction over Plaintiff's state claim for breach of contract. *See* Dkt. No. 37, Notice of Mot. Plaintiff then requested an adjournment of all

3

proceedings due to illness. *See* Dkt. No. 40. In response, Magistrate Sharpe stayed Plaintiff's obligation to respond to Defendant's motion for judgment on the pleadings and similarly stayed defendant's motion until July 1, 2002. In addition, Magistrate Sharpe ordered that no further stay of Plaintiff's obligation to respond to the motion would be granted absent exigent circumstances. Magistrate Sharpe also advised Plaintiff that, absent good cause, her failure to respond to Defendant's motion in a manner consistent with Local Rule 7.1 would preclude the Court's consideration of any proffered response. *See* Dkt. No. 45, Order. Pursuant to Magistrate Sharpe's order, on February 21, 2002, Judge Hurd ordered Plaintiff to respond to Defendant's motion for judgment on the pleadings by July 1, 2002. *See* Dkt. No. 46. On March 28, 2002, then Chief Judge Frederick J. Scullin reassigned the case to the undersigned. *See* Dkt. No. 47.

Plaintiff has since retained A.J. Bosman, Esq. as counsel who filed the instant cross-motion for Leave to File an Amended Complaint. *See* Dkt. 49, Notice of Cross-Mot. Accompanying her cross-motion, Plaintiff submitted a proposed second amended complaint in which she sought not only unspecified compensatory and punitive damages, but also declaratory and injunctive relief. *See* Id. Although Plaintiff concedes that her claims for damages are barred by the Eleventh Amendment pursuant to a United States Supreme Court's decision in Board of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 121 S. Ct. 955, 148 L. Ed. 2d. 866 (2001), Plaintiff now seeks declaratory and injunctive relief under Title I of the ADA. In addition, Plaintiff seeks damages under Title II of the ADA and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C.A. §§ 794 *et seq*. Plaintiff submitted: a notice of cross motion, an affidavit in opposition to Defendant's motion to dismiss and in support of her cross-motion for leave to file an amended complaint, a proposed second amended complaint, and a memorandum of law in opposition to defendant's motion for judgment on the pleadings and in support of her cross-motion for leave to file an amended complaint. *See* Dkt. Nos.

48, 49 and 50. Plaintiff filed her opposition papers on July 8, 2002, seven days after the deadline specified by Judge Hurd in his February 21, 2002, Order. *See* Dkt. Nos. 46, 48, 49, and 50. Defendant submitted a memorandum of law in opposition to Plaintiff's cross-motion. *See* Dkt. No. 52.

## DISCUSSION

**I.      Standard for Judgment on the Pleadings**

Judgment on the pleadings is appropriate if, from the pleadings, the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 12(c); Burns Int'l Sec. Serv. v. International Union, United Plant Guard Workers of America, 47 F. 3d 14, 16, (2d Cir. 1995) (citing George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp., 554 F. 2d 551, 553 n.2 (2d Cir. 1977)). The court analyzes Rule 12(c) under the same standard applicable to a motion to dismiss for failure to state a claim under Rule 12(b)(6). Sheppard v. Beerman, 18 F. 3d 147, 150 (2d Cir. 1994). Consequently, the court must accept as true the well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party. Furthermore, the court may consider documents attached to the complaint as an exhibit or incorporated by reference, matters of which the court may take judicial notice, or documents either in plaintiff's possession or of which plaintiff had knowledge of and relied upon in bringing suit. Brass v. American Film Technologies, Inc., 987 F. 2d 142, 150 (2d Cir. 1993). As such, the court should grant a defendant's Rule 12(c) motion only if after viewing the plaintiff's allegations in this favorable light, "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Walker v. City of New York, 974 F. 2d 293, 298 (2d Cir. 1992) (citing and quoting Ricciuti v. New York City Transit Auth., 941 F. 2d 119, 123 (2d Cir. 1991)). However, while the court must accept the non-moving party's well-pleaded factual allegations as true, the court need not

accept the pleader's "legal conclusions [and] characterizations." Madonna v. United States, 878 F. 2d 62, 65 (2d Cir. 1989); see Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996) ("While the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice.").

**II.     Standard for Leave to File an Amended Complaint**

Once an adverse party serves its responsive pleadings, Rule 15(a) of the Federal Rules of Civil Procedure provides in part that a party may amend its pleading at any time within twenty days after it is served. Beyond such time, however, a "party may amend [its] complaint only by leave of court or by written consent of the adverse party." FED.R.CIV.P. 15(a). Rule 15 provides that leave to amend a party's pleading "shall be freely given when justice so requires." The Rule reflects two of the most important underlying principles of the Federal Rules: (1) pleadings serve the limited role of providing the opposing party with notice of the claim or defense to be litigated; and (2) "mere technicalities" should not prevent cases from being decided on the merits. See Monahan v. New York City Dep't of Corrs., 214 F.3d 275, 283 (2d Cir. 2000) (citing Conley v. Gibson, 355 U.S. 41, 47-48, 78 S. Ct. 99, L. Ed. 2d 80 (1957); Forman v. Davis, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). Therefore, absent evidence by the non-movant of prejudice or bad faith, the Rule's mandate must be obeyed. See Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993).

Mere delay, absent a showing of prejudice or bad faith, does not provide a basis for a court to deny the general right to amend. See id. (quoting State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981). However, "the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." Id. (quoting Evans v. Syracuse City Sch. Dist., 704 F.2d 44, 47 (2d Cir. 1983)).

In order to determine what constitutes prejudice, a court must consider whether the proposed amendments would: (1) require the non-movant to expend significant additional resources to conduct

discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the non-movant from bringing a timely action in another jurisdiction. *See* Monahan, 214 F.3d at 284 (quoting Block, 988 F.2d at 350). Generally, the court should permit amendments to a complaint; however, the court's denial of a motion to amend is appropriate under certain circumstances. Even while a court should freely grant a motion for leave to amend pleadings "when justice so requires," FED.R.CIV.P. 15(a), the Second Circuit has repeatedly held that a court may deny a motion to amend for reasons such as "undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." State Teachers Retirement Bd. v. Fluor Corp., 654 F. 2d 843, 856 (2d Cir. 1981); *see* Dluhos v. Floating and Abandoned Vessel Known as New York, 162 F. 3d 63, 69 (2d Cir. 1998); *see, e.g.,* Barrow v. Wethersfield Police Dept., 66 F. 3d 466, 470 (2d Cir.1995), (as modified, 74 F.3d 1366 (2d Cir. 1996)) (denying motion for leave to file amended complaint where statute of limitations barred the complaint); Dluhos v. Floating and Abandoned Vessel Known as New York, 979 F. Supp. 138 (N.D.N.Y. 1997) (denying plaintiff's motion for leave to file an amended complaint as futile); Jones v. New York State Div. of Military and Naval Affairs, 1997 WL 266765, at *6 (N.D.N.Y. May 7, 1997) ("if the amended complaint is subject to dismissal, the amendment is considered futile and will not be permitted.") (citing Mackensworth v. S. S. American Merchant, 28 F 3d 246, 251 (2d Cir. 1994).

### III.  Futility Doctrine

In determining whether a proposed amendment to a complaint would be futile, the court must adopt the same analysis as that applied on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dougherty v. Town of North Hempstead Bd. of Zoning, 282 F. 3d 83, 88 (2d Cir. 2002) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."). As such, an amendment is futile if the

amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis. *See* A.V. by Versace, Inc. v. Gianni Versace S.p.A. 87 F. Supp. 2d 281, 298 (S.D.N.Y. 2000); Ruffolo v. Oppenheimer & Co., 987 F. 2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.").

**IV.    Plaintiff's ADA Claims and the Eleventh Amendment**

*A. First Amended Complaint*

Plaintiff's ADA claim seeking unspecified compensatory and punitive damages is not actionable. The United States Supreme Court has found that the Eleventh Amendment bars claims for money damages against the states under Title I of the ADA. Board of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 360, 121 S. Ct. 955, 960, 148 L. Ed. 2d. 866 (2001). First, the Supreme Court held that Congress did not validly abrogate the states' sovereign immunity from suit by private individuals for money damages under Title I. Id. 531 U.S. at 374, 121 S. Ct. at 968 n. 9. Second, "[a]gencies of the state, such as the Office of Court Administration, 'are entitled to assert the state's Eleventh Amendment immunity where, for practical purposes, the agency is the alter ego of the state and the state is the real party in interest.'" Volin v. New York State Court Admin., 1992 WL 123174 at * 2 (S.D.N.Y. 1992) (quoting Santiago v. New York State Dept. of Corrections Servs., 945 F. 2d 25, 28 n. 1 (2d Cir. 1991)). "The Office of Court Administration is . . . immune from this suit. The OCA is a state agency with no independent existence." Id. (citing McKinney v. State of New York, 111 Misc.2d 382, 387, 444 N.Y.S.2d 386, 390 (Ct.Cl.1981)). Hence, Plaintiff's claims for compensatory and punitive damages under Title I of the ADA fail. Moreover, inasmuch as plaintiff's proposed second amended complaint continues to seek such damages, it too is futile.

*B. Proposed Second Amended Complaint*

### 1. Title I

It is important to note that the Supreme Court's opinion in Garrett did not foreclose the possibility of injunctive relief. *See* Garrett, 531 U.S. at 374, 121 S. Ct. at 968 n. 9 ("Title I of the ADA still prescribes standards applicable to the States. Those standards can be enforced by the United States in actions for money damages, as well as by private individuals in actions for injunctive relief under Ex parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908)."). As contained in her proposed second amended complaint, Plaintiff's claims for injunctive and declaratory relief, under Title I of the ADA, however, would be limited to events arising after July 26, 1992, the date on which Title I became effective. *See* Pub.L. No. 101-336, § 108, 104 Stat. 327, 337 (1990) ("This title shall become effective 24 months after the date of enactment."); Smith v. United Parcel Serv. of Am., Inc., 65 F.3d 266, 266 (2d Cir.1995) (explaining that the ADA does not apply retroactively to acts occurring before the effective date). Moreover, Plaintiff's claims for injunctive and declaratory relief under Title I must have been filed with the EEOC within the applicable statute of limitations period set forth in Title VII. *See* Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 278 (1st Cir.1999). With Rule 15's permissiveness and these limitations in mind, the court GRANTS Plaintiff's cross-motion to amend her complaint to include injunctive and declaratory relief under Title I of the ADA and GRANTS Defendant's motion to dismiss that portion of Plaintiff's complaint seeking compensatory and punitive damages.

### 2. Title II

Plaintiff also seeks to amend her complaint to include claims of disability discrimination under Title II of the ADA and § 504 of the Rehabilitation Act, which the Supreme Court's decision in Garrett did not affect. Title II of the ADA provides, in pertinent part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied

9

the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." Specifically, Plaintiff alleges that defendant violated Title II of the ADA and § 504 of the Rehabilitation Act "because of [Defendant's] perception that plaintiff's asthma was a disability." *See* Dkt. No. 49, Proposed Second Am. Compl. at ¶ 51.

Plaintiff correctly points out that the Second Circuit has held that a "private suit for money damages under Title II of the ADA may . . . be maintained against a state if the plaintiff can establish that the Title II violation was motivated by either discriminatory animus or ill will due to disability. Garcia v. S.U.N.Y. Health Science Center of Brooklyn, 280 F.3d 98, 112 (2d Cir. 2001). In so holding, the Second Circuit recognized that direct proof of the discriminatory animus is difficult to produce. Id. ("smoking guns are rarely left in plain view"). Therefore, in order to establish discriminatory animus, the Second Circuit allowed plaintiffs to "rely upon a burden-shifting technique similar to that adopted in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05, 93 S. Ct. 1817, 36 L.Ed. 2d 668 (1973), or a motivating factor analysis similar to that set out in Price Waterhouse v. Hopkins, 490 U.S. 228, 252-58, 109 S. Ct. 1775, 104 L. Ed. 2d 268 (1989)." Id. Garcia was the standard in the Second Circuit until May 17, 2004, when the Supreme Court decided Tennessee v. Lane, 541 U.S. 509, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004). In Lane, the Supreme Court considered whether Congress validly abrogated the Eleventh Amendment when enacting Title II of the ADA, specifically examining Title II within the context of a state's responsibility to provide disabled persons with access to courts. Recognizing that the right of access to courts is fundamental, the Court held that Title II of the ADA validly abrogates state sovereign immunity with regard to this limited class of cases. Lane, 541 U.S. at 533-34; *see also* Press v. S.U.N.Y. at Stony Brook, 388 F.Supp.2d 127, 133 (E.D.N.Y. 2005) (noting division in Second Circuit as to whether Lane only addressed the narrow issue of access to the courts and Garcia applies to all other Title II cases or

whether in the wake of Lane, a private suit for damages under Title II may only be brought if plaintiff can establish violation of a fundamental right).

Defendant, however, asserts that Plaintiff's Title II ADA and Rehabilitation Act § 504 claims are time-barred. As an initial matter, Plaintiff's claims under Title II of the ADA would be limited to events arising after January 26, 1992, the date on which Title II became effective. *See* ADA Pub. L. 101-336, § 231(a), 104 Stat. 327, 346 (1990). The ADA, however, does not specify the period within which Title II claims must be brought. "When Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt . . . a time limitation" from an analogous cause of action. Wilson v. Garcia, 471 U.S. 261, 266, 105 S. Ct. 1938, 1942, 85 L. Ed. 2d 254 (1985). The Second Circuit has held that the Rehabilitation Act § 504 claims are governed by the state statute of limitations applicable to personal injury actions. Morse v. University of Vt., 973 F. 2d 122, 127 (2d Cir. 1992). Furthermore, because the Rehabilitation Act and the ADA are substantially similar statutes, the court applies the same statute of limitations to both. *See* Hunt Meharry Med. Coll., 2000 WL 739551 at *5 (S.D.N.Y. 2000); *cf.* Everett v. Cobb Co. Sch. Dist., 138 F. 3d 1407, 1409 (11th Cir. 1998).

Here, the court sits in the Northern District of New York and therefore applies analogous New York law. The date on which an action accrues is governed by federal law, *see* Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir.1997), which provides that an action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir.2002), *cert. denied*, 538 U.S. 922, 123 S.Ct. 1574, 155 L.Ed.2d 313 (2003); Global Fin. Corp. v. Triarc Corp., 93 N.Y.2d 525, 529, 693 N.Y.S.2d 479, 481, 715 N.E.2d 482 (1999) (explaining that in New York, a personal injury claim accrues upon the occurrence of the last event necessary to give rise to a claim, generally at the time of injury). New York's C.P.L.R.

§ 214 provides in part: "The following must be commenced within three years: . . . (5) an action to recover damages for a personal injury except as provided in sections 214-b, 214-c and 215." Plaintiff's personal injury claims do not fall within any of the statutory exceptions. Consequently, N.Y.C.P.L.R. § 214 bars Plaintiff's Title II ADA and Rehabilitation Act claims as untimely, because: (1) the last date giving rise to Plaintiff's alleged injury was November 30, 1994, the day Plaintiff's employment was terminated and (2) Plaintiff did not file her complaint until January 19, 2000. As such, Plaintiff's proposed second amended complaint would be futile in as much as N.Y.C.P.L.R. § 214 time-bars the claims it seeks to add. *See* Grace v. Rosenstock, 228 F. 3d 40, 53 (2d Cir. 2000) (citing McGill v. Goff, 17 F. 3d 729, 934 (5th Cir. 1994)). Accordingly, the Court DENIES Plaintiff's cross-motion to amend her complaint by asserting Title II ADA and § 504 Rehabilitation Act claims and GRANTS Defendant's motion to dismiss Plaintiff's proposed claims pursuant to Title II of the ADA and § 504 of the Rehabilitation Act.

**V.     Plaintiff's State Law Claim for Breach of Contract**

Plaintiff's fifth cause of action in her proposed Second Amended Complaint for breach of contract under state law fails because Defendant is protected by the Eleventh Amendment. Clissuras v. City Univ. of N.Y., 359 F.3d 79, 83 (2d Cir.2004). Morever, Plaintiff has failed to set forth the terms of the contract that Defendant allegedly breached. In a breach of contract claim, a plaintiff must "plead the provisions of the contract upon which the claim is based." Window Headquarters, Inc. v. MAI Basic Four, Inc., 1993 WL 312899, at *3 (S.D.N.Y. Aug. 12, 1993) (quoting Griffin Bros., Inc. v. Charles Yatto, 415 N.Y.S.2d 114 (N.Y.App.Div.1979)). The complaint must "set forth the terms of the agreement upon which liability is predicated, either by express reference or by attaching a copy of the contract." Id. (quoting Chrysler Capital Corp. v. Hilltop Egg Farms, Inc., 514 N.Y.S.2d 1002, 1003 (N.Y.App.Div.1987)). Accordingly, the Court dismisses Plaintiff's breach of

contract claim pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

## CONCLUSION

**WHEREFORE,** after careful consideration of the file in this matter including the parties' submissions and the applicable law, the Court hereby

**GRANTS** Plaintiff's cross-motion to amend her complaint to include injunctive and declaratory relief under Title I of the ADA and **DENIES** Plaintiff's cross-motion to amend her complaint in all other respects, and further

**GRANTS** Defendant's motion for judgment on the pleadings to dismiss Plaintiff's ADA Title I claim for compensatory and punitive damages, ADA Title II claim, Rehabilitation Act claim, and breach of contract claim.

**IT IS SO ORDERED.**

Dated: April 24 , 2006
Syracuse, New York

_____
Howard G. Munson
Senior U.S. District Judge