UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DIANE A. PALMER,

                Plaintiff,

       v.                                              5:00-CV-00110(HGM/GHL)

NEW YORK STATE OFFICE
OF COURT ADMINISTRATION,

                Defendant,
_____

APPEARANCES:                                        OF COUNSEL:

A.J. BOSMAN, ESQ.
Attorney for Plaintiff
258 Genesee Street
Suite 301
Utica, NY 13502

STATE OF NEW YORK                          ELLEN SMITHBERG, ESQ.
UNIFIED COURT SYSTEM                   MICHAEL COLODNER, ESQ.
Office of Court Administration
25 Beaver Street
Room 1170
New York, NY 10004

HOWARD G. MUNSON, SR. J.

MEMORANDUM DECISION AND ORDER

       Plaintiff's second amended complaint alleges that she was appointed to a Court Reporter position with the Sullivan County Family Court in December 1993. The appointment was made by Defendant's Chief Administrative Judge. She asserts discrimination, retaliation and discharge claims contending that she was terminated from this position because of her

disabilities, and in retaliation for her filing disability complaints against the Defendant.

Reading the Second Amended complaint liberally, Plaintiff alleged that her asthma, hypoglycemia and age constituted disabilities, see 42 U.S.C. § 12102(2) (defining disability as "a physical or mental impairment that substantially limits one or more of the major life activities[,]" "a record of such an impairment[,]" or "being regarded as having such an impairment").

In August 1988, Plaintiff was hired as a certified court reporter for the Onondaga County Family Court employed as a certified court reporter. She had a good service record, was otherwise qualified to continue working for Defendant at the Onondaga Court, or elsewhere. In October 1988, she had an asthma attack and advised her superior at the Onondaga Court, Mark Dennis, that she was going to be hospitalized, and did not know when she would return to work. When he heard this, Mr. Dennis became upset, claimed she had no commitment to her job and that she was not "working out." In November 1988, her asthma precipitated another hospital stay. After this hospitalization, her job was put out to canvass. Plaintiff replied to the canvass in January 1989, but was not interviewed for the position, and in February, she asked Dennis about the position and was told that another individual had been hired. Plaintiff suffered an adverse employment action when Defendant terminated her on March 1, 1989. Plaintiff was terminated because of her perceived asthma disability Weixel v. Board of Education of City of New York, 287 F.3d 138, 146-147 (2d Cir.2002) ("[A] plaintiff's complaint is sufficient to withstand [a motion to dismiss] if it alleges that (1) [the plaintiff] has a disability for purposes of ... [the Americans With Disabilities Act ("ADA") ], (2) she is otherwise qualified for the benefit that has been denied, and (3) she has been denied the benefit by reason of her

disability."); Reed v. A.W. Lawrence, 95 F.3d 1170, 1178 (2d Cir.1996) (causal connection can be established "indirectly by showing that the protected activity was closely followed in time by the adverse action").

In September 1989, she filed charges with the New York State Division of Human Rights, ("NYSDHR") claiming that she suffered an adverse employment action when she was terminated from her position based upon her perceived asthma disability. In June 1991, she again filed charges with the NYSDHR, purporting that, Defendant discriminated against her because of her disability, age and also retaliation, because, although she responded to many employment opportunities published by Defendant, she endured yet another adverse employment action, when Defendant would not rehire her because of the prior discrimination charge she had filed against the Defendant. Both of these two complaints were duly filed with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff did not receive a "right to sue" letter from the federal Equal Employment Opportunity Commission ("EEOC"), regarding these two charges, because these records were destroyed in the 9/11 World Trade Center tragedy. To dismiss a Title VII claim for failure to receive a right-to-sue letter when the plaintiff is unable to obtain a right-to-sue letter is obviously unfair. Kahn v. Pepsi Cola Bottling Group, 526 F.Supp. 1268, 1270 (E.D.N.Y.1981). However, a plaintiff's failure to obtain a notice-of-right-to-sue-letter is not a jurisdictional bar, but only a precondition to bringing an action that can be waived by the parties or the court. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S. Ct. 1127, 71 L. Ed.2d 234 (1982).

In January 2000, the NYSDHR held hearings on these charges before an Administrative Law Judge. In September 2000, the Commissioner of the NYSDHR, issued an order denying

the two complaints, holding that Plaintiff did not prove discrimination.

On December 3, 1994, Plaintiff was appointed as a permanent court reporter from an open competitive list of Court Reporters established by the Defendant with the Sullivan County Family Court by Judge Mark Meddaugh. Plaintiff had contracted hypoglycemia prior to her appointment, and notified the Judge of this disability. Plaintiff's probationary period for her position was to end on December 1, 1994. However, even though her work was satisfactory, she received a letter from Judge Medddaugh in November 1994, stating that the Defendant was terminating her employment on November 30, 1994, and no extensions would be approved. Plaintiff then filed another charge with the NYSDHR and the EEOC contending that the Sullivan County Family Court violated the New York State Law on November 30, 1994, when she was subjected to another adverse employment action when she was terminated due to a hypoglycemia disability condition she had incurred, and in retaliation for having filed a prior human rights complaint against the Defendant.

In September 1998, the NYSDHR issued a decision finding that there was no probable cause to believe that Defendant had engaged in the unlawful discriminatory action complained of. The decision concluded that Plaintiff didn't present any medical evidence to support her hypoglycemia claim, or any evidence that employees made disparaging remarks to her about her eating habits. The decision also found that the Sullivan County Family Court's discharge of Plaintiff was not in retaliation for Plaintiff's having filed a previous complaint. On October 19, 1999, the EEOC issued a "Dismissal and Notice of Right" to Plaintiff, advising her that "the EEOC has adopted the findings of the state or local fair employment agency that investigated this charge."

Based upon the above facts, on January 19, 2000, Plaintiff filed the instant action against Defendant, alleging violations of Title I of the Americans with Disabilities Act of 1990, 28 U.S.C. §§ 12101 *et seq*., ("ADA") and breach of contract. Plaintiff sought unspecified compensatory and punitive damages. Defendant filed its answer on March 31, 2000. On May 9, 2000, Defendant moved for judgment on the pleadings. On July 17, 2000, Plaintiff cross-motioned to amend her complaint and Defendant lodged its opposition. On October 31, 2000, District Judge David N. Hurd, then presiding over Plaintiff's case, granted Plaintiff's motion to amend the complaint and dismissed the Defendant's motion for judgment on the pleadings as moot. Plaintiff then filed her first amended complaint on November 6, 2000. Initially, Plaintiff was represented by Daniel A. Burgess, Esq. in this matter; however, counsel moved to withdraw his representation, and Magistrate Judge Gary L. Sharpe granted his motion in an order dated April 18, 2001. Magistrate Judge Sharpe denied Plaintiff's subsequent motion to reconsider Mr. Burgess' withdrawal.

On October 18, 2001, Defendant renewed its motion for judgment on the pleadings, arguing that the Court lacked subject matter jurisdiction to decide Plaintiff's claims under the ADA because the Eleventh Amendment bars all such claims. Defendant further argued that, without subject matter jurisdiction, the Court should decline to exercise jurisdiction over Plaintiff's state claim for breach of contract. Plaintiff then requested an adjournment of all proceedings due to illness. In response, Magistrate Judge Sharpe stayed Plaintiff's obligation to respond to Defendant's motion for judgment on the pleadings and, similarly, stayed Defendant's motion until July 1, 2002. In addition, Magistrate Judge Sharpe ordered that no further stay of Plaintiff's obligation to respond to the motion would be granted absent exigent

circumstances. Magistrate Judge Sharpe also advised Plaintiff that, absent good cause, her failure to respond to Defendant's motion in a manner consistent with Local Rule 7.1 would preclude the Court's consideration of any proffered response. Pursuant to Magistrate Judge Sharpe's order of February 21, 2002, Judge Hurd ordered Plaintiff to respond to Defendant's motion for judgment on the pleadings by July 1, 2002. On March 28, 2002, Chief Judge Frederick J. Scullin, reassigned the case to the undersigned.

Plaintiff then retained her current counsel, A.J. Bosman, Esq., who filed a cross-motion for Leave to File an Amended Complaint. Accompanying her cross-motion, Plaintiff submitted a proposed second amended complaint in which she sought not only unspecified compensatory and punitive damages, but also declaratory and injunctive relief. Id. Although Plaintiff conceded that her claims for damages are barred by the Eleventh Amendment pursuant to a United States Supreme Court's decision in Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 121 S. Ct. 955, 148 L. Ed. 2d. 866 (2001), Plaintiff sought declaratory and injunctive relief under Title I of the ADA. In addition, Plaintiff sought damages under Title II of the ADA and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C.A. §§ 794 et seq.

Plaintiff submitted a notice of cross motion, an affidavit in opposition to Defendant's motion to dismiss and in support of her cross-motion for leave to file an amended complaint, a proposed second amended complaint, and a memorandum of law in opposition to Defendant's motion for judgment on the pleadings, and, in support of her cross-motion for leave to file an amended complaint. Plaintiff filed her opposition papers on July 8, 2002. Defendant submitted a memorandum of law in opposition to Plaintiff's cross-motion.

After fully considering the file in this matter, including the parties' submissions and the

applicable law, this Court granted Plaintiff's cross-motion to amend her complaint to include injunctive and declaratory relief under Title I of the ADA, denied Plaintiff's cross-motion to amend her complaint in all other respects, and granted Defendant's motion for judgment on the pleadings to dismiss Plaintiff's ADA Title I claim for compensatory and punitive damages, ADA Title II claim, Rehabilitation Act claim, and breach of contract claim.  Currently before the court is Defendant's motion for judgment on the pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. Plaintiff has entered opposition to this motion.

The court will first consider Plaintiff's contention that Defendant's third motion for judgment on the pleadings is foreclosed by Rule 12(g), which precludes the bringing of motions that raise arguments that the defendant did not raise at the first available opportunity, in this case, Defendant's first two motions.  Plaintiff's contention is without merit.

Rule 12(g) provides, in pertinent part, that:
"[i]f a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated."

Thus, while the general rule forbids a party from asserting defenses available when the party made its prior motion, Rule (h)(2) specifically permits a defense of failure to state a claim upon which relief can be granted to be made in a motion for judgment on the pleadings. Fed.R.Civ.P. 12(h)(g). District courts in the Second Circuit have held that successive motions to dismiss for failure to state a claim are not precluded by 12(h)(2)--that is, failure to raise a particular defense in a motion to dismiss does not preclude a party from bringing that defense

in a 12(c) motion. Dorchestor Investors v. Peak Trends Trust, 2002 WL272404 *3 (S.D.N.Y. February 26, 2000); citing, Vega v. State Univ. of N.Y. Board of Trustees, 2000 WL 381430, at *2 (S.D.N.Y. Apr. 13, 2000); Samborski v. West Valley Nuclear Servs., Co., 2000 WL 743987, at *1 (W.D.N.Y. June 8, 2000).

The court will next consider Defendant's contention that Plaintiff has not exhausted her administrative remedies, claiming that Plaintiff failed to include a charge of disability discrimination in her 1995 EEOC and New York State Division of Human Rights filings. The allegations in her filings related to a retaliation claim for filing prior discrimination claims against Defendant, and for hostile work environment based on her alleged disability of hypoglycemia, but did not provide a separate and distinct claim of termination due to her disabilities or perceived disabilities, one of which, asthma, was not mentioned.

As a precondition to filing an ADA claim in federal court, a Plaintiff must first exhaust his/her administrative remedies and file a timely complaint with the EEOC. Butts v. City of New York Department of Housing Preservation & Development, 990 F.2d 1397, 1401 (2d Cir.1993), (superseded by statute, 42 U.S.C. § 1981, on other grounds). The Second Circuit has held, however, that " 'claims that were not asserted before the EEOC may be pursued in a subsequent federal court action if they are reasonably related to those that were filed with the agency.' " Deravin v. Kerik, 335 F.3d 195, 200 (2d Cir.2003) (quoting Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir.2001); Brown v. Coach Stores, 163 F.3d 706, 712 (2d Cir.1998) (plaintiff was permitted to pursue a disparate impact claim even though her original EEOC charge included only a "failure to promote" claim).

Conduct alleged in a complaint is reasonably related to conduct described in an EEOC

charge when it: (1) is within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination; (2) would constitute retaliation for filing a timely EEOC charge; and (3) constitutes further incidents of discrimination perpetrated in precisely the same manner as alleged in the EEOC charge. Butts, 990 F.2d at 1402-03.

Plaintiff's allegations are sufficient to meet the "reasonably related" test and are thus properly before the Court. In her first discrimination complaint, Plaintiff asserted that Defendant terminated her employment due to her perceived disability of asthma. In her second complaint, she maintained that Defendant retaliated against her for filing her first complaint, by not re-hiring her for any of the many of the positions she sought with Defendant. In her current EEOC petition, she again setforth claims of discriminatory discharge because of her filing her prior complaints, and a hostile work environment due to her hypoglycemia disability. These facts could have sufficiently apprised the EEOC of the presence of discrimination and can reasonably be expected to grow out of the charges of disability discrimination, subsequent termination and retaliation . Thus, Plaintiff's EEOC charges are reasonably related to her ADA retaliation claim.

On a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) the moving party will prevail if it is entitled to judgment as a matter of law. Rolon v. Henneman, 389 F.Supp2d 517, 518 (S.D.N.Y.2005), citing Burns International Security Services, Inc. v. International Union, United Plant Guard Workers of America, and its Local 537, 47 F.3d 14, 16 (2d Cir.1994). The standard for deciding such a motion mirrors that which is applied to Rule 12(b)(6) motions to dismiss for failure to state a claim upon which relief may be granted. Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas, 2005 WL 1950116, at *3

(S.D.N.Y. Aug.12, 2005), citing Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir.1994). In other words, the court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant. id.

When deciding a Rule 12(c) motion, the court shall consider "the pleadings and exhibits attached thereto, statements or documents incorporated by reference in the pleadings, matters subject to judicial notice, and documents submitted by the moving party, so long as such documents either are in the possession of the party opposing the motion or were relied upon by that party in its pleadings." Aristocrat Leisure, 2005 WL 1950116, at *3, quoting Prentice v. Apfel, 11 F. Supp.2d 420, 424 (S.D.N.Y.1998) (citing Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir.1993)). Also, because Plaintiff expressly referred to state and EEOC charges in the second amended complaint, the Court considers the allegations in the charges incorporated by reference and may consider them without converting this motion into one for summary judgment. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir.2002); Gregory v. Daly, 243 F.3d 687, 691 (2d Cir.2001) (noting that the court would treat plaintiff's allegations in her EEOC affidavit as an integral part of her pleadings); Cortec Industries Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir.1991) (holding that the district court could consider documents submitted by defendants of which plaintiff had undisputed notice and which were integral to plaintiff's claim). The Court takes judicial notice of these administrative decisions. Evans v. New York Botanical Garden, 2002 WL 31002814, *4 (S.D.N.Y. Sept.4, 2002) ("A court may take judicial notice of the records of state administrative procedures, as these are public records, without converting a motion to dismiss to one for summary judgment.").

Defendant argues that Plaintiff's complaint must be dismissed because it does not sufficiently establish a *prima facie* case of either discrimination based on race or retaliation. However, Defendant's position that Plaintiff's complaint must establish a *prima facie* case, has been specifically rejected by the United States Supreme Court in Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed.2d 1 (2002). In Swierkiewicz, the Supreme Court discredited the concept that there is a heightened pleading standard in discrimination cases and, thus, held that the survival of a complaint in an employment discrimination case does not rest on whether it contains specific facts establishing a *prima facie* case under McDonnell Douglas Corporation v. Green, 411 U.S. 792, 99 S. Ct. 1871, 36 L. Ed.2d 668 (1973). Swierkiewicz, 534 U.S. at 510 ( "The *prima facie* case under McDonnell Douglas ... is an evidentiary standard, not a pleading requirement." ); Williams v. New York City Housing Authority, 458 F.3d 67, 71-72 (2d Cir.2006) (applying Swierkiewicz holding to retaliation claims); 445 F.3d 586, 591 (2d Cir.2006) (applying Swierkiewicz holding to discrimination claims under Title VII). The Court therefore held that "an employment discrimination plaintiff need not plead a *prima facie* case of discrimination" so long as the complaint provides the defendant "fair notice of the basis for [the] claims." Id. at 514-15. The Court further stated that "[g]iven the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " Id. at 514 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. -Ct. 2229, 81 L.Ed.2d 59 (1984)). A clear statement from the plaintiff alleging discrimination by the defendant is sufficient to achieve these goals. Ferro v. Railway Express Agency, Inc., 296 F.2d 847, 851 (2d Cir.1961) (holding that a complaint stating "that defendants

have, in a willful and malicious manner, discriminated against plaintiff" provided sufficient notice of the discrimination claim). Brown v. Coach Stores, Inc., 163 F.3d 706, 710 (2d Cir.1998) (recognizing "that the pleading requirements in discrimination cases are very lenient, even *de minimis* "). To the Court's dismay, Defendant has not even acknowledged the Swierkiewicz case.

The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim. Conley,v. Gibson 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed2d 80 (1957 ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits", )quoted in Swierkiewicz, 534 U.S. at 514, 122 S. Ct. at 999)

The Supreme Court has rejected the argument that allowing lawsuits based on conclusory allegations of discrimination would encourage disgruntled employees to sue and thereby overburden the courts. "Whatever the practical merits of this argument, the Federal Rules do not contain a heightened pleading standard for employment discrimination suits." Swierkiewicz, 534 U.S. at 514-15. Therefore, in considering such a motion for judgment on the pleadings, "[t]he appropriate inquiry is not whether a plaintiff is likely to prevail, but whether he is entitled to offer evidence to support his claims." Fernandez v. Chertoff, 471 F.3d 445, 51 (2d Cir. 2006).

The Defendant might disagree with that assertion, of course, and may or may not turn out ultimately to be correct, but the Second Amended complaint meets the Swierkiewicz standard of giving "fair notice of what [the] claims are and the grounds upon which they rest." 534 U.S. at 514, 122 S. Ct. 992." "It may appear on the face of the pleadings that a recovery is

very remote and unlikely, but that is not the test." Id. at 515, 122 S.Ct. 992. Indeed, the Plaintiff''s allegation of discriminatory intent may be a "speculative and nebulous legal conclusion, but, Swierkiewicz clearly indicates that it is not fatal to Plaintiff's case that some of her allegations at this stage may be legal conclusions rather than facts." Greenier v. Pace, Local No. 1188, 201 F. Supp.2d 172, 177 (D. Me.2002). The allegations here, are sufficient in their substantive content to withstand the motion for judgment on the pleadings,

Adopting this approach, if the employment discrimination Plaintiff describes in her pleadings satisfies the "fair notice" pleading standard of Rule 8, the court must still determine whether the plaintiff has pleaded facts sufficient to state a viable claim upon which relief can be granted pursuant to Rule 12(c). Accepting the facts in the complaint as true, Plaintiff has sufficiently alleged that Defendant was her employer and that its acts constituted disability discrimination, retaliation and discharge. Defendant has, therefore, received notice of these claims, and the grounds on which they rest. Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed.2d 1 (2002). Ergo, Defendant's motion will be denied

Plaintiff seeks attorney's fees as sanctions for having to oppose Defendant's "unlawful actions" in bringing the present motion, which compelled her to retain counsel, thereby incurring attorney's fees and costs.

The ADA provides that a district court "in its discretion, may allow the prevailing party ... a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205 . A party prevails "when actual relief on the merits of his, or her, claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Farrar v. Hobby, 506 U.S. 103, 111-112, 113 S. Ct. 566, 121 L. Ed.2d

494 (1992). In the instant case, the substantive rights of the parties have not been affected because this motion litigation did no more than move the plaintiff "one step closer to a final determination on the merits of her claim." McGill v. Secretary of Health and Human Services, 712 F.2d 28, 32 (2d Cir.1983), *cert. denied*, 465 U.S. 1068, 104 S. Ct. 1420, 79 L. Ed.2d 745 (1984). Plaintiff is not entitled to attorney's fees at this point in the progression of her case, and her current request will be denied.

Accordingly, Defendants motion for Judgment on the Pleadings is **DENIED**, and Plaintiff's motion for attorney's fees is, also, **DENIED**

**IT IS SO ORDERED**

Dated: August 13, 2007
Syracuse, New York

*/s/ Howard G. Munson*
Howard G. Munson
Senior U.S. District Judge