UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DIANE A. PALMER,

                      Plaintiff,

v.                                                                                              5:00-CV-0110  (FJS/GHL)
                                                                                                LEAD CASE
NEW YORK STATE OFFICE OF COURT
ADMINISTRATION,

                      Defendant.
_____

DIANE A. PALMER,

                      Plaintiff,

v.                                                                                              6:07-CV-0702  (FJS/GHL)
                                                                                                MEMBER CASE
STATE OF NEW YORK,

                      Defendant.
_____

APPEARANCES:                                                                OF COUNSEL:

OFFICE OF A.J. BOSMAN                                              A.J. BOSMAN, ESQ.
Counsel for Plaintiff
258 Genesee Street, Suite 301
Utica, New York 13502

STATE OF NEW YORK UNIFIED COURT SYSTEM       ELLEN SMITHBERG, ESQ.
Office of Court Administration                                        MICHAEL COLODNER, ESQ.
Counsel for Defendant Office of Court Administration
25 Beaver Street, Room 1170
New York, New York 10004

ANDREW M. CUOMO                                                   SENTA B. SIUDA, ESQ.
Attorney General of the State of New York                     Assistant Attorney General
Counsel for Defendant State of New York
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204-2455

GEORGE H. LOWE, United States Magistrate Judge

# **ORDER**

      Plaintiff has moved for an order compelling discovery. Dkt. No. 104. She also seeks

sanctions against the Defendants for having refused to produce the requested materials. *Id.* In addition, she requests reconsideration of an order that she must review in New York City the materials that Defendant Office of Court Administration ("OCA") is producing in response to a discovery request. *Id.* The Defendant State of New York opposed the motion (Dkt. No. 105), as did OCA (Dkt. No. 108). Plaintiff filed a reply letter. Dkt. No. 110.

Plaintiff apparently is a court reporter. She alleges that, because of disability discrimination and in retaliation for her having filed a complaint with the New York State Division of Human Rights, "she was passed over for numerous court reporter positions" and, in connection with one court reporter position that she obtained, it was "short lived." Dkt. No. 104, at 4. She now seeks to compel the Defendants to produce the "complete employment files" for court reporters from the Oneida County Supreme Court, the Onondaga County Family Court, the Sullivan County Family Court, Utica City Court, Jefferson County Combined Courts, and the Syracuse City Court. The time periods vary, but in total the period covered runs from 1982 through 1998. Dkt. No. 104, at 5-6.

Plaintiff had requested permission to file the motion to compel. Dkt. No. 100. The Court scheduled a conference call to consider her request, and explicitly asked counsel to address the following during the conference call:

> What evidence does Plaintiff possess from which it could be inferred that the personnel files referred to in Plaintiff's First Request for Production of Documents Request Nos. 6-11 and 20-25 would contain relevant information and that these employees were similarly situated to Plaintiff?

Dkt. No. 103. During the conference call the Court gave permission to file the motion but advised Plaintiff's counsel that she had "to persuade [the Court] initially that there's some

evidence that these folks are similarly situated to the plaintiff." March 2, 2009 Conference Call, Tape No. 201. Later on in the conference call the Court directed that the motion is "to be pretty specific, I want to know, with some citation to law, what evidence there is that these folks are similarly situated and therefore what could be relevant in these files." *Id.*

The moving papers cite no law and are silent on the "similarly situated" issue. *See* Dkt. No. 104. In her reply letter Plaintiff's counsel states that she cannot make a showing that the other employees are similarly situated to Plaintiff "without access to these employees' files." Dkt. No. 110, at 2. This is a classic example of a "fishing expedition."

## **DISCUSSION**

Employment discrimination plaintiffs often seek personnel records of employees not directly involved in the suit in order to develop information needed to make a comparison between the employment situations of those employees and those of the plaintiff. However, the required production during pretrial discovery of personnel records of non-party employees - which records invariably contain sensitive medical, financial and other information of a highly personal nature - is not generally favored.[1] A critical issue is the closeness of circumstances required in order to make a meaningful comparison.

---

[1] *See Croom v. Western Conn. State. Univ.*, 00-CV-1805, 2002 WL 32503667, at *2 (D. Conn. Mar. 20, 2002) (denying plaintiff's motion to compel to extent motion sought production of personnel files of non-parties in employment discrimination action, noting that granting the order would be "imprudent"); *Sidari v. Orleans County*, 180 F.R.D. 226, 231-32 (W.D.N.Y. 1997) (denying plaintiff's motion to compel production of personnel files of non-parties in employment discrimination action, noting that the files contain "intimately personal information about individuals"); *Gavenda v. Orleans County*, 174 F.R.D. 265, 268-69 (W.D.N.Y. 1996) (denying plaintiff's motion to compel production of personnel files of non-parties in employment discrimination action, noting that producing the files would lead to "perhaps vexatious investigation into irrelevant collateral matters" and cause "embarrassment and harassment" of the individuals in question); *cf. Grady v. Affiliated Central, Inc.*, 130 F.3d 553, 561 (2d Cir. 1997) (affirming, *inter alia*, district court's denial of plaintiff's motion to compel defendant's production of home telephone numbers of non-party employees in age discrimination action due, in part, to the "minimal relevance" of the information).

3

> When plaintiffs seek to draw inferences of discrimination by showing that they were "similarly situated in all material respects" to the individuals to whom they compare themselves . . . their circumstances need not be identical, but there should be a reasonably close resemblance of facts and circumstances . . . . What is key is that they be similar in significant respects.

*Lizardo v. Denny's Inc.*, 270 F.3d 94, 101 (2d Cir. 2001) (internal citations omitted).

Plaintiff having presented nothing on this critical issue, the Court denies the motion to compel. It follows, of course, that Plaintiff's request for the imposition of sanctions also is denied.[2]

Finally, with respect to Plaintiff's request for reconsideration of an order that she must review in New York City the materials that OCA is producing, the request is denied. The process that was followed on April 2, 2008, in Syracuse, pursuant to the Court's Order of March 20, 2008 (Dkt. No. 87) is not at all analogous, as it was conducted in Syracuse because of the necessity of the Court's involvement.

Accordingly, it is

ORDERED, that Plaintiff's motion to compel discovery, to have sanctions imposed on Defendants, and for reconsideration of the Court's prior order (Dkt. No. 104) is DENIED; and it is further

ORDERED, that within 14 days of the date of this Order OCA's counsel is to advise the Court in writing of agreed upon dates for the depositions of Judge Muddaugh and David

---

[2] Plaintiff also argued that OCA's responses to Plaintiff's demands were untimely. Dkt. No. 104, ¶¶9-10. Assuming *arguendo* that the Court would consider this argument, the record does not contain a sufficient basis for making a determination as to whether the responses in fact were untimely. In addition, Plaintiff refers to OCA's counsel's letter of March 26, 2008 (Dkt. No. 88), and observes that "[a]s the Court will recall, the Plaintiff's objections to the Defendants' demands were held to be waived because they were sent out two days late." Dkt. No. 104, at ¶10. The Court, in fact, does not "recall," but notes that OCA's counsel's letter states that "plaintiff has never provided a written response objections to defendant's two requests for production of documents." Dkt. No. 88, at 2.

Sullivan.

Dated: April 27, 2009
       Syracuse, New York

                                      George H. Lowe
                                      United States Magistrate Judge